


FILED

MAR - 3 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              )          Case No. 05-28882-C-7
                                   )
VIRGINIA BARONIAN,                 )
                                   )
            Debtor.                )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO AVOID LIEN**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

<u>Findings of Fact</u>

On January 23, 2006, debtor filed a motion requesting that this court avoid a judgment lien in the amount of $10,835.87 in favor of FCC National Bank Assignee of 1st National Bank of Chicago Issuer of First Card. Debtor did not include with her motion a copy of the lienholder's recorded abstract of judgment. A hearing was scheduled for February 28, 2006, to

consider the motion.  Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

The debtor scheduled the property at a value of $100,000.00.  A lien in the amount of $5,504.31 in favor of Arlo Miller is listed in debtor's Schedule D.  The debtor's motion claims that the judgment lien impairs debtor's homestead exemption.  However, debtor's Schedule C fails to list the property as exempt.

The court notes that debtor did not include a Docket Control Number on all pleadings.  Debtor also did not file a separate notice of hearing advising potential respondents whether and when written opposition must be filed, the deadline for filing and serving it, and the names and addresses of the persons who must be served with any opposition.  Further, debtor did not file her proof of service concurrently with her pleadings, or, alternatively, within three days after filing her pleadings.

In reviewing debtor's proof of service, the court notes that it appears debtor served the motion on the attorney who recorded the abstract.

## Conclusions of Law

A debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that the lien impairs an exemption that is properly claimed and to which there is no objection.  11 U.S.C. § 522(f)(1).

1    Since debtor did not claim the subject property as

2  exempt in her schedules, the lien does not impair any

3  exemption.  Consequently, the debtor may not avoid the lien.

4    Additionally, the motion must comply with local rule

5  9014-1.  Local rule 9014-1(c)(1) requires the following:

6           In motions filed in the bankruptcy
            case, a Docket Control Number
7           (designated as DC No.) shall be
            included by all parties immediately
8           below the case number on all
            pleadings and other documents,
9           including proofs of service, filed
            in support of or opposition to
10          motions.

11    Debtor's moving papers did not include a Docket Control

12  Number as required by local rule 9014-1(c)(1).

13    Local rule 9014-1(d)(2) requires the following:

14          Every motion shall be accompanied by
            a separate notice of hearing stating
15          the docket control number, the date
            and time of the hearing, the
16          location of the courthouse, the name
            of the judge hearing the motion, and
17          the courtroom in which the hearing
            will be held.

18    Debtor did not file a separate notice of hearing as

19  required by local rule 9014-1(d)(2).

20    Local rule 9014-1(d)(3) requires the following:

21          The notice of hearing shall advise
            potential respondents whether and
22          when written opposition must be
            filed, the deadline for filing and
23          serving it, and the names and
            addresses of the persons who must be
24          served with any opposition.  If
            written opposition is required, the
25          notice of hearing shall advise
            potential respondents that the
26          failure to file timely written
            opposition may result in the motion
27          being resolved without oral argument

28

and the striking of untimely written
opposition.

Debtor did not advise potential respondents as required
by local rule 9014-1(d)(3).

Local rule 9014-1(e)(2) requires the following:

> A proof of service, in the form of a
> certificate of service, shall be
> filed with the Clerk concurrently
> with the pleadings or documents
> served, or not more than three (3)
> calendar days after they are filed.

Debtor filed her motion on January 23, 2006.  Debtor did
not file her proof of service until February 3, 2006.  Thus,
debtor did not meet the deadlines for filing a separate proof
of service as required by local rule 9014-1(e)(2).

Therefore, debtor's motion will also be denied without
prejudice for failure to comply with the local rules.

Further, Federal Rule of Bankruptcy Procedure 9014(b)
requires that a motion initiating a contested matter "shall be
served in the manner provided for service of a summons and
complaint by Rule 7004."  Fed. R. Bankr. P. 9014(b).

Federal Rule of Bankruptcy Procedure 7004(b)(3) provides
in pertinent part:

> Except as provided in
> subdivision(h), in addition-to the
> methods of service authorized by
> Rule 4(e)-(j) F.R.Civ.P., service
> may be made within the United States
> by first class postage prepaid as
> follows... Upon a domestic or
> foreign corporation or upon a
> partnership or other unincorporated
> association, by mailing a copy of
> the summons and complaint to the
> attention of an officer, a managing
> or general agent, or to any other
> agent authorized by appointment or

1    by law to receive service of process
     and, if the agent is one authorized
2    by statute to receive service and
     the statute so requires, by also
3    mailing a copy of the defendant.

4  Fed. R. Bank. P. 7004(b)(3).

5       Here, debtor's service of the motion does not comply

6  with the requirement to serve the motion to the attention of an

7  officer or other agent authorized as provided in Rule

8  7004(b)(3).  Beneficial California, Inc. v. Villar (In re

9  Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004).

10      The court notes that a corporation's agent for service

11 of process may be identified by visiting the California

12 Secretary of State's website at www.ss.ca.gov.  The website

13 contains a link to the "California Business Portal" which

14 provides an online service titled "California Business Search."

15 Therein, corporate information, including the agent for service

16 of process, may be obtained by entering the corporation's name

17 in the search engine.

18      Accordingly, the motion is denied without prejudice.

19      An appropriate order will issue.

20      Dated: March 3, 2006

21

22

23                              UNITED STATES BANKRUPTCY JUDGE

24

25

26

27

28

1

2

### CERTIFICATE OF SERVICE

3        On the date indicated below, I served a true and correct
copy(ies) of the attached document by placing said copy(ies) in

4 a postage paid envelope addressed to the person(s) hereinafter
listed and by depositing said envelope in the United States

5 mail or by placing said copy(ies) into an interoffice delivery
receptacle located in the Clerk's Office.

6

7 Virginia Baronian
P.O. Box 545

8 South Lake Tahoe, CA 96156

9 Charles Walter Nelson
P.O. Box 1890

10 South Lake Tahoe, CA 96156

11 John Roberts
P.O. Box 1506

12 Placerville, CA 95667-1506

13 Office of the United States Trustee
United States Courthouse

14 501 "I" Street, Suite 7-500
Sacramento, CA  95814

15

16

17

18        Dated: 3-6-06

19

20                              _____
                                        Deputy Clerk
21                                   Jennifer Jahnsen

22

23

24

25

26

27

28